## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS OF THE BAD RIVER RESERVATION,<br><br>   Plaintiff,<br><br> v.<br><br>ENBRIDGE ENERGY COMPANY, INC., and ENBRIDGE ENERGY, L.P.,<br><br>   Defendants.<br>_____<br><br>ENBRIDGE ENERGY, L.P.,<br><br>   Counter-Plaintiff,<br><br> v.<br><br>BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS OF THE BAD RIVER RESERVATION and NAOMI TILLISON, in her official capacity,<br><br>   Counter-Defendants.<br>_____ | Case No. 3:19-cv-00602<br><br>Judge William M. Conley<br>Magistrate Judge Stephen Crocker |

## **DECLARATION OF DAVID M. UJKE**

David M. Ujke declares as follows:

1

1. I am employed as the Tribal Attorney for the Red Cliff Band of Lake Superior Chippewa Indians ("Red Cliff"), having begun serving in that role in 1989. I an attorney admitted to practice in the United States District Court-Western District of Wisconsin, the courts of the State of Wisconsin, and the Tribal Court of the Red Cliff Band of Lake Superior Chippewa Indians.

2. This declaration is made on my personal knowledge, my review of Red Cliff's records, and information provided to me by Red Cliff staff whom I believe to be reliable and informed and on whom I rely when making decisions as Tribal Attorney, and my knowledge of the tasks requires to respond to a subpoena demanding the production of documents.

3. The Red Cliff Band of Lake Superior Chippewa Indians is a federally recognized Indian Tribe organized under a Constitution adopted April 18, 1936, and approved June 1, 1936, pursuant to the Indian Reorganization Act of 1934, said Constitution having been amended by the Band on January 28, 1991, and said amendments being approved by the Secretary on July 2, 1991 in accordance with the provisions of applicable federal law.

4. I understand the Bad River Band of the Lake Superior Tribe of Chippewa Indians ("Bad River") and Enbridge Energy Company, Inc. and Enbridge Energy, LP ("Enbridge") are engaged in litigation concerning the portion of

Enbridge's Line 5 pipeline crossing the Bad River Reservation. I also understand that Red Cliff is not a party to that litigation.

5. Enbridge served on Red Cliff a third-party subpoena demanding the production of documents, which was delivered via email to the Red Cliff Tribal Chairman, Richard Peterson on September 10, 2020. A complete copy of the subpoena, cover letter from Attorney David L. Feinburg, and enclosures is attached hereto as **Exhibit A**.

6. Red Cliff has neither consented to suit by Enbridge, nor other subpoena legal process.

7. Congress has not authorized a suit or subpoena legal process by Enbridge as against Red Cliff.

8. Enbridge's subpoena includes a demand for every non-privileged document and communication in Red Cliff's possession that mentions, concerns, or otherwise relates to Enbridge or "Line 5."

9. Complying with Enbridge's demand would require hundreds of man-hours hours of Red Cliff staff and attorney time to access and sort through tribal paper files and electronic information storage systems in order to collect, organize, analyze for privilege potentially responsive documents. During such a disruptive undertaking, our staff and attorneys would be pulled away

from its essential governmental operations, which would be especially difficult and harmful during the Covid-19 pandemic.

10. Even if Enbridge were to agree to reimburse Red Cliff for all of its reasonable costs and attorney fees incurred in complying the subpoena as offered by Enbridge's attorney, David L. Feinburg, in his cover letter to the subpoena, it is my opinion that in addition to the financial impact to the Tribe, the non-pecuniary damages caused by the to the essential tribal government functions and the community it serves caused the adverse impact upon the tribal community it serves represents an unacceptable set of damages to the ability of the sovereign tribal government to perform its essential government functions.

11. Even if Red Cliff were to redirect its limited staff resources to complying with the Enbridge subpoena demand for documents, complying with the demand before September 30, 2020 is simply not feasible.

12. I have attached as **Exhibit B** the Order on Reconsideration in *United States ex rel. Mosey et. al. on Behalf of the St. Croix Band of Chippewa Indians, v. Buffalo Brothers Management*, No. 92-C-925-S (W.D. Wis., April 21, 1993) (granting motion to quash a third-party subpoena against a Tribe and its attorney as barred by sovereign immunity), together the original motion to quash filed by the St. Croix Band of Chippewa Indians.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 24, 2020.

By: _____
David M. Ujke