# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

BAD RIVER BAND OF THE
LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS
OF THE BAD RIVER RESERVATION,                                   Case No. 3:19-cv-602

                    Plaintiff /                        Judge William M. Conley
                    Counterclaim                       Magistrate Judge Stephen Crocker
                    Defendant,

v.

ENBRIDGE ENERGY COMPANY, INC.; and
ENBRIDGE ENERGY, L.P.,

                    Defendants /
                    Counter-Claimants,

v.

NAOMI TILLISON, Director of Mashkiiziibii
Natural Resources Department of the Bad River
Band of the Lake Superior Tribe of Chippewa
Indians of the Bad River Reservation, in her
Official Capacity,

                    Counterclaim Defendant.

---

## MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION
## FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................ 1

PROCEDURAL POSTURE ............................................................................................................. 1

STATEMENT OF FACTS ................................................................................................................ 2

ARGUMENT .................................................................................................................................... 3

I.        Applicable Standard ............................................................................................................ 3

II.       The Band's Unopposed Motion for Leave to Amend Has Not Been
          Unduly Delayed .................................................................................................................. 4

III.      Defendants Will Not Suffer Prejudice Should the Band Be Granted
          Leave to Amend .................................................................................................................. 5

CONCLUSION ................................................................................................................................. 6

CERTIFICATE OF SERVICE ......................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Citgo Petroleum Corp. v. Ranger Enters., Inc.*, No. 07-cv-657-bbc, 2009 WL 2145890
(W.D. Wis. July 17, 2009) ............................................................................................5

*Douglas Dynamics, LLC v. Buyers Prods. Co.*, No. 09-cv-261-bbc, 2010 WL 11530473
(W.D. Wis. Mar. 18, 2010) ...........................................................................................5

*Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787 (7th Cir. 2004) ........................................3, 5

*Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783 (7th Cir. 1999) ................................................6

*Foman v. Davis*, 371 U.S. 178 (1962) ...........................................................................................3

*Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343 (7th Cir. 2015) .............................4

**Rule**

Fed. R. Civ. P. 15(a) ...............................................................................................................1, 3, 5

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a) and this Court's October 30, 2019 Preliminary Pretrial Conference Order, Doc. 40, Plaintiff Bad River Band of the Lake Superior Tribe of Chippewa Indians (the "Band") respectfully submits this Memorandum of Law in support of its Unopposed Motion for Leave to File Third Amended Complaint. The Band's proposed Third Amended Complaint adds no new parties to its Second Amended Complaint and does not include any additional claims, defenses, or requests for relief. It simply updates one factual allegation to reflect newly identified evidence showing the Band's ownership interests in the lands on which Defendants are in trespass to be greater than was previously understood. *See* Attach. 1 (Proposed Third Am. Compl. ¶ 58 and n.11). Defendants requested that the Band seek leave to amend its Complaint to reflect this newly identified information, and Defendants provided written consent to the Band's request to amend its Complaint on January 12, 2021.

## PROCEDURAL POSTURE

The Band filed its original Complaint on July 23, 2019, alleging Defendants Enbridge, Inc., Enbridge Energy Partners, L.P., Enbridge Energy Company, Inc., and Enbridge Energy, L.P. ("Enbridge") to be committing trespass and public nuisance on the Band's Reservation lands through the operation of their Line 5 pipeline. Doc. 1. The Band filed its First Amended Complaint on October 15, 2019, and its Second Amended Complaint on October 19, 2020. Doc. 34; Doc. 73. Substantial discovery remains to be completed in the case. On September 15, 2020, the Court stated its intent to strike the existing trial schedule and directed the parties to propose schedule revisions. Doc. 57. The parties submitted their joint scheduling proposals on November 9, 2020. Doc. 79.

## STATEMENT OF FACTS

Enbridge (or its corporate predecessor) has operated its Line 5 pipeline on the Band's Reservation since 1953 under a series of easements issued by the Bureau of Indian Affairs.  The easements were renewed approximately every twenty years after 1953, with the most recent renewals taking place in 1993.  Doc. 73 ¶¶ 53, 54, 57.  In 2013, easements over fifteen parcels in the pipeline corridor expired.  The Band holds ownership interests in at least twelve of those expired parcels and has declined to consent to renewed easements over them.  Enbridge continues to operate its pipeline over those parcels to this day.  *Id.* ¶¶ 58-62.

The Band filed suit on July 23, 2019.  Its claims include trespass, based on Enbridge's operation of the pipeline across parcels with expired easements; and public nuisance, based on Enbridge's continued operation of the pipeline under circumstances posing an unreasonable risk of harm to Reservation resources.  Doc. 1.  In its original and First Amended Complaints, the Band sought declaratory and injunctive relief.  Doc. 1 (Prayer for Relief); Doc. 34 (Prayer for Relief).  On October 19, 2020, the Court granted the Band's unopposed motion to amend its Complaint to include a claim for monetary damages in addition to its existing claims for declaratory and injunctive relief.  Doc 71; Doc. 73 (Prayer for Relief).

The Band's Complaints alleged that it "holds between a forty-percent and a ninety-percent ownership interest in eleven of the fifteen parcels to which the now-expired easements attached."  Doc. 73 ¶ 58.  On November 12, 2020, the Band received letters from the Bureau of Indian Affairs notifying it that Enbridge's applications for right-of-way renewals over the expired parcels had been denied.  Declaration of Susan Smith, Doc. 81 ¶ 8.  One of these notifications pertained to a property, designated by the Bureau as Tract No. 430 R 154, in which the Band was unaware that it held any ownership interest.  Upon receipt of this notification, the

Band reviewed Bureau of Indian Affairs title records and discovered that the United States had acquired 100% of the ownership interests in this parcel in trust for the benefit of the Band on November 30, 2016. *See id.* ¶ 4. In conducting this review, the Band additionally identified that since June 15, 2018, the United States has held in trust for the benefit of the Band 100% of the ownership interests in one of the previously identified parcels, designated by the Bureau as Tract No. 430 3H308. *See id.* ¶ 3.

The Band notified Enbridge and the Court of these discoveries on November 23, 2020. Doc. 80 at 3 n.1. The documents on which the Band relied to determine the extent of its ownership interests in the fifteen expired parcels had previously been disclosed to Enbridge, on December 23, 2019. *See* Doc. 81 ¶¶ 3-6. Enbridge has requested that the Band amend its Complaint to reflect this newly identified information.

## ARGUMENT

### I.    Applicable Standard

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of … undue delay, bad faith or dilatory motive … undue prejudice … futility of amendment, etc. – the leave sought should … be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (same). Here, the Band's request for leave to amend has not been unduly delayed, Enbridge has provided its written consent to the Band's proposed amendment, and Enbridge will suffer no prejudice should the Court grant this request for leave to amend.

3

**II.      The Band's Unopposed Motion for Leave to Amend Has Not Been Unduly Delayed.**

There is no undue delay where, as here, a party requests leave to amend prior to the close of discovery on the basis of newly identified evidence.  *See*, *e.g.*, *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015) ("Life Plans' request for amendment was timely.  Life Plans sought amendment promptly after discovering a factual basis for its new claims[.]").

When the Band filed its previous Complaints, it had only identified ownership interests in eleven of the properties that were subject to expired easements.  When the Band received new information on November 12, 2020, indicating that the Band held additional ownership interests that had not previously been identified, the Band verified this information and notified Enbridge and the Court of the same on November 23, 2020.  Doc. 80 at 3 n.1.

Shortly thereafter, the Band and Enbridge entered into discussions regarding whether the Band should seek the Court's leave to amend its Complaint to conform its allegations to this newly identified evidence.  Enbridge requested that the Band seek leave to amend.  Because these discussions took place over the holiday season, the Parties agreed the Band would submit its proposed Third Amended Complaint by January 15, 2021.

Although the Band had not identified these additional ownership interests when it filed its previous Complaints, the fact that the Band's understanding of the facts supporting its trespass claim continues to develop throughout the course of discovery does not support a finding of undue delay.  *See Life Plans*, 800 F.3d at 358 ("The purpose of discovery is to refine the case and to prepare it for trial based on a full understanding of the relevant facts.").  Upon identifying the new information, the Band acted promptly to notify Defendants and seek leave to amend.  There has accordingly been no undue delay.

### III.    Defendants Will Not Suffer Prejudice Should the Band Be Granted Leave to Amend.

Under Rule 15(a), Courts look to whether "the delay would cause a high degree of prejudice to the opposing party" should a motion to amend a complaint be granted. *Citgo Petroleum Corp. v. Ranger Enters., Inc.*, No. 07-cv-657-bbc, 2009 WL 2145890, at *1 (W.D. Wis. July 17, 2009). This concern is not implicated here, a conclusion confirmed by Enbridge's consent to the Band's request to amend. Substantial discovery remains to be completed in the case. Accordingly, on September 4, 2020, the parties submitted a joint letter to the Court requesting guidance regarding a potential motion to reschedule trial in this matter. Doc. 53. The Court granted a status conference on September 15, 2020, at which time it stated its intent to strike the existing schedule and directed the parties to submit joint or separate proposals for an amended case schedule by October 30, 2020. The parties' pending joint scheduling proposal proposes a dispositive motions deadline of November 19, 2021, discovery cutoff date of February 4, 2022, and trial date of April 25, 2022. Doc. 79 at 2.

Nor has the Band's failure to identify the additional ownership interests in the previous Complaints caused any prejudice to Enbridge. The documentation reflecting these ownership interests was disclosed to Enbridge on December 23, 2019. *See* Doc. 81 ¶¶ 3-6. When the Band informed Enbridge of these additional interests, Enbridge already had access to the same documentation that the Band relied on in assessing its ownership interests in the expired parcels.

Under these circumstances there will be no prejudice to Enbridge by allowing the Band to amend its Complaint. *See Dubicz*, 377 F.3d at 793 n.1 (finding district court abused its discretion in denying motion to amend complaint and noting that "[t]his is not the case where a plaintiff seeks to amend its complaint after the close of discovery or on the eve of trial."). *Compare*, *e.g.*, *Douglas Dynamics, LLC v. Buyers Prods. Co.*, No. 09-cv-261-bbc, 2010 WL

11530473, at *2 (W.D. Wis. Mar. 18, 2010) (granting leave to amend complaint two months prior to deadline for summary judgment motions and five months prior to close of discovery because "the prejudice to defendant is minimal"), *with*, *e.g.*, *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (upholding denial of leave to amend complaint "well after the close of discovery").

In sum, allowing the Band to amend its Complaint will result in no prejudice to Enbridge and will not otherwise unduly prolong the proceedings.

**CONCLUSION**

The Band respectfully requests that its Unopposed Motion for Leave to File Third Amended Complaint be granted.

Dated this 15th day of January, 2021

Respectfully Submitted,

By:  /s/ Riyaz A. Kanji

Erick Arnold
BAD RIVER BAND OF THE
LAKE SUPERIOR TRIBE OF CHIPPEWA
INDIANS OF THE BAD RIVER RESERVATION
72682 Maple Street
Odanah, Wisconsin 54861
Telephone: (715) 682-7107
attorney@badriver-nsn.gov

Riyaz A. Kanji
David A. Giampetroni
KANJI & KATZEN, P.L.L.C.
303 Detroit Street, Suite 400
Ann Arbor, Michigan 48104
Telephone: (734) 769-5400
rkanji@kanjikatzen.com
dgiampetroni@kanjikatzen.com

Oday Salim
NATIONAL WILDLIFE FEDERATION
231 West Liberty Street, Suite 200
Ann Arbor, Michigan 48104
Telephone: (586) 255-8857
salimo@nwf.org

Cory J. Albright
Jane G. Steadman
Philip H. Tinker
KANJI & KATZEN, P.L.L.C.
811 1st Avenue, Suite 630
Seattle, Washington 98104
Telephone: (206) 344-8100
calbright@kanjikatzen.com
jsteadman@kanjikatzen.com
ptinker@kanjikatzen.com

Bruce Wallace
HOOPER HATHAWAY PRICE BEUCHE &
WALLACE
126 South Main Street
Ann Arbor, Michigan 48104
Telephone:  (734) 662-4426
bwallace@hooperhathaway.com

*Counsel for the Bad River Band*
*of the Lake Superior Tribe of Chippewa Indians*
*of the Bad River Reservation*

**CERTIFICATE OF SERVICE**

I certify that on January 15, 2021, this document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

/s/ Riyaz A. Kanji
Riyaz A. Kanji