IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BAD RIVER BAND OF THE LAKE
SUPERIOR TRIBE OF CHIPPEWA
INDIANS OF THE BAD RIVER
RESERVATION,

      Plaintiff and Counter Defendant,

             OPINION AND ORDER

  v.

              19-cv-602-wmc

ENBRIDGE ENERGY COMPANY, INC., and
ENBRIDGE ENERGY, L.P.,

      Defendants and Counter Claimants.

  v.

NAOMI TILLISON,

      Counter Defendant.

In this civil action, plaintiff Bad River Band of the Lake Superior Tribe of Chippewa Indians of the Bad River Reservation ("Bad River Band" or "the Band") asserts a variety of state law claims against defendants Enbridge Energy Company, Inc., and Enbridge Energy, L.P. (collectively "Enbridge"), based on Enbridge's continued operation of a pipeline on the Bad River Reservation despite the expiration of the applicable easements for doing so some eight years ago.  Before the court are a number of motions by the parties.  First, defendants move to join 168 co-tenants of the parcels at issue as necessary parties under Federal Rule of Civil Procedure 19.  For the reasons that follow, the court will deny that motion.  Second, plaintiff filed an unopposed motion to amend its complaint, which the court will grant.  Finally, earlier in the litigation, defendants moved to delay discovery on plaintiff's nuisance claim and bifurcate damages from liability, with damages to be tried

later at  a second trial, not just in a separate phase of the same trial.  The court will deny both the motion to delay discovery, which is moot, and the motion to try damages in a separate trial.  Even so, the court expects to follow its typical practice of trying damages in a second phase of trial, should the defendants be found liable in the first phase.

## BACKGROUND

Plaintiff Bad River Band has refused to consent to renew the expired easements for operation of a pipeline on eleven parcels of reservation land in which it holds an ownership interest.  In its second amended complaint, the Band asserts claims for:  (1) public nuisance under federal law; (2) public nuisance under Wisconsin law; (3) trespass; (4) ejectment; (5) violation of the Band's regulatory authority; and (6) unjust enrichment.  The Band holds at least a 40% interest in each of the eleven parcels, with a 75% or greater interest in a majority of the parcels.  In addition to the Band, there are 168 individual co-owners across the eleven parcels.

In its original complaint and initial Rule 26 disclosures, plaintiff Band represented that it was not seeking money damages.  On October 19, 2020, however, the Band filed a second amended complaint, which now seeks "damages for trespass," as well as "monetary restitution for Enbridge's wrongfully-obtained profits derived from . . . unauthorized use of the Band's lands since the expiration of the easements in 2013" in a new, sixth cause of action for unjust enrichment.  (Pl.'s Sec. Am. Compl. (dkt. #73) ¶ 176; Prayer for Relief.)

OPINION

## I. Defendants' Motion to Join 168 Co-Tenants as Plaintiffs

In this motion, defendants contend that the 168 co-tenants should be joined as plaintiffs under Federal Rule of Civil Procedure 19(a).  Under Rule 19, a "required party" is defined as one "subject to service of process," "whose joinder will not deprive the court of subject-matter jurisdiction," and who must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If the absentee party is found to be a required party under this definition, but cannot feasibly be joined in suit, then the court must proceed to Rule 19(b) to determine whether to proceed without the party or dismiss the lawsuit.  *Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 634 (7th Cir. 2009).  If the proceeding must be dismissed, then the party is deemed "indispensable."

Defendants contend that the current and former cotenants during the period of alleged trespass are required parties, whose interest in this action as owners of undivided, fractional interests in the land that is the subject of the Band's trespass action, and whose absence would either impair or impede their ability to protect those interests *or* would leave Enbridge subject to a substantial risk of incurring inconsistent obligations.

Specifically, defendants contend that the absent co-tenants' interests would be

impaired regardless of the outcome of this lawsuit, because the co-tenants' ability to recover damages will be impacted.  However, this argument ignores the Band's *actual* position in this lawsuit, as well as the well-established, unilateral rights of tenants in common to exercise their respective rights of ownership.  As defendants acknowledge in their brief, the Band is *only* seeking to enforce *its* property rights; the Band is not seeking to enforce the rights of the absent co-tenants or any collective rights in the property.  (Defs.' Opening Br. (dkt. #78) 11 (acknowledging plaintiff's representation that "the Band only seeks Enbridge's profits based on the Band's fractional ownership of any parcel for the time period during which the Band has held that fractional interest.").)

As the United States Supreme Court explained in *United States v. Craft*, 535 U.S. 274 (2002),

> [t]enants in common may each unilaterally alienate their shares through sale or gift or place encumbrances upon their shares. . . . Tenants in common have many other rights in the property, including the right to use the property, to exclude third parties from it, and to *receive a portion of any income produced from it*.

*Id.* at 280 (emphasis added).  Similarly, in *Guth v. Texas*, 155 F.2d 563 (7th Cir. 1964), the Seventh Circuit held that the plaintiff, who owned a 1/32 interest in property for which the defendant, an oil and gas lessee, had failed to pay royalties, could maintain an individual suit to collect his share of royalties, because the defendant's "obligation to pay the lessors their royalties in proportion to their respective interest in the gas, gasoline, and petroleum . . . was a several obligation and the plaintiff could sue separately for his

proportion of the royalty." *Id.* at 566;[1] *see also Cowling v. Deep Vein Coal Co., Inc.*, 183 F.2d 652, 656 (7th Cir. 1950) ("[A] co-tenant may proceed in an action for an accounting without joining his co-tenants as parties to the suit."); 7 Charles Alan Wright *et al., Fed. Practice* & *Proc.* § 1621 at 341-42 (4th ed. 2019) ("Insofar as a cotenant seeks only to adjudicate his own interest in land, the other cotenants need not be joined.  For example, a cotenant may ask for an accounting of the rents and profits that belong to him without joining other cotenants when effective relief can be awarded without impairing the rights of the nonparties.").

Still, defendants argue, if the Band is unsuccessful in pursuing its claims, "[a]s fractional co-owners in the same tracts on which the Band alleges a trespass is occurring, a decision in this case will have a direct impact on the Cotenants' rights through *stare decisis.*" (Defs.' Br. (dkt. #78) 13.)  For support, defendants cite to *In re Schraiber*, 107 B.R. 899 (Bankr. N.D. Ill. 1989), in which the Bankruptcy Court determined that third parties were indispensable because the court's finding as to the cross-defendants' partnership status "might expose [the third parties] to potential liability." *Id.* at 905.  However, the case did not involve land rights of tenants in common, and there is *no* contention that the absent co-tenants here would be exposed to liability if not joined.[2]  To the contrary, neither the

---

[1] In contrast, the Seventh Circuit determined that the plaintiff could not maintain an action for negligent waste without joining the other owners because the injury was to the property itself and, therefore, "would affect and impair the interests of all of the lessors" collectively.  *Guth*, 155 F.2d at 566.

[2] Defendants also cite to *Bloch v. Sun Oil Corp.*, 335 F. Supp. 190, 195–96 (W.D. Okla. 1971), for support, but that holding is at odds with the Seventh Circuit's and this court's case law discussed above.

Seventh Circuit nor this court has required joinder of third parties with interests under contracts or leases similar to those asserted in the case before the court simply because the court may be considering rights similar to those of the absent third parties and, therefore, could create even precedential opinions.  In *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477 (7th Cir. 2001), the Seventh Circuit reversed the district court's finding that a third-party who also had entered into a similar contract with the defendant as that at issue in the case was an indispensable party under Rule 19.  That court went even further, explaining that "[w]hen a person is not a party to the contract in litigation and has no rights or obligations under that contract, even though the absent party may be obligated to abide by the result of the pending action by another contract that is not at issue, the absentee will not be regarded as an indispensable party in a suit to determine obligations under the disputed contract[.]" *Id.* at 484 (quoting 7 Charles Alan Wright, *et al.*, Fed. Practice & Procedure Civil 3d, § 1613 at 197 (2001)); *see also PNCEF, LLC v. Divinity Grp.*, No. 10-cv-108-wmc, 2010 WL 4702294, at *2 (W.D. Wis. Nov. 9, 2010) (rejecting argument that third parties to whom the defendant had transferred property that was subject to the lease at issue in the lawsuit were indispensable parties, reasoning that the third parties were "neither parties to the agreement between [the parties], nor do they stand in privity," while recognizing that defendant "may have grounds to bring a third-party complaint against" the third parties).

Defendants also argue that even if the Band is successful in this lawsuit, the co-tenants will be prejudiced because they will not be able to pursue an alternative damages remedy, may not have access to "the same factual record or extensive expert testimony,"

or may be harmed by the Band's "attempt to recover well beyond what it may be entitled to as fractional owner of these Parcels." (Defs.' Opening Br. (dkt. #78) 15.) This argument is equally meritless, perhaps best illustrated by the lack of *any* support cited in defendants' brief. Indeed, defendants do not even provide an explanation for why the co-tenants here would be bound by the Band's proposed method for calculating damages if any of the co-tenants were to bring their own lawsuits seeking damages for trespass.

Critically, none of the co-tenants have attempted to join in this lawsuit. *See Davis Cos.*, 268 F.3d at 483 (explaining that the court has a preference for "the absent party [to] claim [the] interest" in compulsory joinder cases); *Sullivan v. Flora, Inc.*, No. 15-CV-298-WMC, 2016 WL 4275864, at *2 (W.D. Wis. Aug. 12, 2016) ("Typically, a party elects to intervene in cases where its interest may be inadequately represented by the current parties."). Perhaps, as plaintiff posits, absent co-tenants will pursue a remedy through the federal administrative process. (Pl.'s Opp'n (dkt. #80) 19 (discussing remedy available under 25 C.F.R. § 169.410).) Regardless, even an expansive view of the meaning of "impair or impede a person's ability to protect the interest" cannot reasonably encompass a party not having access to the same attorney, evidence or expert testimony, or, at least, defendants offer no support for such an argument. Finally, while the court agrees -- and plaintiff concedes -- that joinder would be required if the Band were attempting to recover damages based on the co-tenant's interest in the property or if it were attempting to invalidate a third party's claim to title on jointly-owned property, the Band is not seeking either. Instead, as described above, the Band is simply seeking to secure damages based on its fractional ownership of any parcel for the time period during which it has held that

7

fractional interest.  The court will not assume overreach in order to find a threatened interest on the part of third parties.[3]

Alternatively, defendants contend that *they* would be prejudiced by the failure to join, because unlike the co-tenants, they may be subject to double, multiple or otherwise inconsistent damages awards.  In light of plaintiff's representation that it only seeks to secure damages in this lawsuit for the Band's fractional ownership of the eleven parcels in which it has a stake, the court is unimpressed by defendants' argument that it faces a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations," particularly since the court will hold the Band to that limitation.  Fed. R. Civ. P. 19(a)(1)(B)(ii).

As plaintiff points out in its opposition brief, inconsistent *obligations* is not the same as inconsistent *adjudications*.  *See Scottsdale Ins. Co. v. Subscriptions Plus, Inc.*, 195 F.R.D. 640, 646 (W.D. Wis. 2000), *aff'd*, 299 F.3d 618 (7th Cir. 2002) (Rule 19 "prevents inconsistent obligations, not inconsistent adjudications.").  While perhaps lawsuits by co-tenants could result in different damages awards, defendants fall short of explaining how multiple lawsuits create a *substantial* risk of creating inconsistent *obligations*.  *See Welton Enters., Inc. v. Cincinnati Ins. Co.*, No. 13-cv-227-wmc, 2014 WL 856142, at * (W.D. Wis. Mar. 5, 2014) (rejecting argument that rulings on the same insurance policy would result in

---

[3] Defendants also argue that the ejectment claim requires joinder, but this was not a newly-added claim, so defendants could have -- and should have -- brought a motion to join the co-tenants at the onset of the case.  Regardless, again as a co-tenant, the Band possesses the unilateral right to sue for ejection, and thus, joinder is not required.  *See Craft*, 535 U.S. at 280 (explaining that a tenant in common has the right to "exclude third parties from" the land).

inconsistent or conflicting obligations, rather than simply inconsistent results, which did not warrant joinder under Rule 19).  Admittedly, multiple courts and trier of facts may vary in their ultimate adjudication of similar claims, but this is no ground to join all such disputes in a single lawsuit.  If it were, many lawsuits would quickly become unwieldy, and the number of parties who would be deemed indispensable would grind much litigation to a halt.

For much the same reason, the court must reject defendants' argument that judicial economy favors joinder.  Not only does this argument presume that there are going to be a line of such cases, despite none of the co-tenants having sought to intervene in this action, the fact that defendants *may* have to defend against other lawsuit is not dispositive under Rule 19.  (*See* Pl.'s Opp'n (dkt. #80) 17 (citing *Welton Enters.*, 2014 WL 856142, at *2).) If anything, proceeding with this case, rather than forcing 168 unwilling co-tenants to join in, is likely to result in a more efficient resolution that practically speaking will forestall, render unnecessary, or at least inform any litigation that may follow.

Accordingly, the court concludes that defendants have not met their burden of demonstrating that the 168 co-tenants are required parties under Rule 19.[4]

## II. Plaintiff's Unopposed Motion to Amend Complaint

Next before the court is plaintiff's unopposed motion for leave to file a third amended complaint, which purports to identify an additional parcel that defendants are

---

[4] Having concluded that these co-tenants are not required, the court need not consider whether their joinder is feasible, although consistent with the comments above, the answer to that question would also seem fairly obvious.

9

now trespassing in violation of the Band's property rights and to update the Band's identified percentage ownership in certain parcels. Defendants have consented to the plaintiff's request. As such, the court will grant that motion under Rule 15(a) in the interest of justice.

## III. Defendants' Motion to Delay Discovery on Nuisance Claims and Bifurcate Liability and Remedies Trials

Finally, defendants sought a delay in discovery on its nuisance claims in light of ongoing efforts to mitigate erosion claims at two points identified by the Band and hold bifurcated liability and damages trials. While this request is mooted by the passage of time, even if it were not, defendants have failed to explain why responding to discovery relating to the *current* state of the erosion at the two main locations identified by plaintiff in its complaint would be unwieldy or irrelevant. Accordingly, that portion of the motion will be denied.

As for defendants' request that the court hold a separate trial on remedies to allow the parties to factor in the jury's determination on liability in preparing for the second phase of the case, the court is willing to bifurcate liability and damages into separate phases, but unwilling to empanel an entirely new, second jury to resolve any damages issues. First, simply allowing separate phases will accommodate most of defendants' credible concerns about prejudice. Second, the court simply disagrees that judicial economy and convenience warrant a separate trial on damages. If anything, the necessity of choosing and educating a new jury about the underlying context of the remedies questions presented (if not the underlying facts giving rise to liability), much less reassembling the parties and counsel,

10

would more than offset any arguable efficiencies in "factoring in" the original jury's liability findings. Third, as for equitable remedies, the court will either hear evidence specific to these remedies while the jury deliberates on liability or after its damages ruling. Depending on any arguable efficiencies, the court might also allow for post-trial briefing on these issues if warranted.

All of this and many other logistical issues will be addressed at the final pretrial conference. As such, the court will grant defendants' motion so far as it seeks to bifurcate liability and remedies portions of the trial into separate phases, but will deny their request to hold a wholly separate, second remedies trial.

## ORDER

IT IS ORDERED that:

1) Defendants Enbridge Energy Company, Inc., and Enbridge Energy, L.P.'s motion to stay nuisance discovery and bifurcate trial (dkt. #43) is GRANTED IN PART AND DENIED IN PART as set forth above.

2) Defendants' motion to join the Band's co-tenants (dkt. #78) is DENIED.

3) Plaintiff Bad River Band of the Lake Superior Tribe of Chippewa Indians of the Bad River Reservation's unopposed motion to amend complaint (dkt. #83) is GRANTED. Plaintiff should promptly file its third amended complaint as a separate docket entry. Defendants may have until May 5, 2021, to answer, move or otherwise respond.

Entered this 15th day of April, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge