IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BAD RIVER BAND OF THE LAKE
SUPERIOR TRIBE OF CHIPPEWA
INDIANS OF THE BAD RIVER
RESERVATION,

        Plaintiff and Counter Defendant,

   v.

ENBRIDGE ENERGY COMPANY, INC., and
ENBRIDGE ENERGY, L.P.,

        Defendants and Counter Claimants.

   v.

NAOMI TILLISON,

        Counter Defendant.

OPINION AND ORDER

19-cv-602-wmc

---

The court held a telephonic hearing on defendants' motions to compel discovery from plaintiff (dkt. #89, 97), at which the parties' appeared by counsel and defendants also appeared by corporate representatives. For the reasons stated on the record, the court GRANTED IN PART AND DENIED IN PART defendants' motion to compel production of the Band's responses to requests for production nos. 29-31. (Dkt. #89.) Specifically, the motion is granted as to responses to requests for production nos. 29 and 30, but only as to:

(1) "NPDES permits, applications for NPDES permits, discharge monitoring reports for the Band's wastewater treatment facilities, notices of exceedances of or noncompliance with the Band's Clean Water Act permits, [filings in] any enforcement action taken against the Band [by the EPA,] . . . and any sampling or testing of the waters or rice within the Bad River watershed" related to those actions; and

(2) "the Band's application for and receipt of a variance for any mercury [or sulfates] discharge," from the EPA or WDNR, as well as any related "sampling or testing of the waters or rice within the Bad River watershed and/or its sloughs to determine whether mercury and/or sulfates are polluting, or contributing to the pollution of, any of those waters."

That motion is denied in all other respects, including as to request for production no. 31 in its entirety. In so ruling, the court offers no opinion as to the admissibility of any discoverable information; in fact, it remains skeptical of its relevance, but given that responding to these specific requests is not burdensome on the plaintiff, the court opted to grant the motion in part. Defendant"' motion to compel personal communications of four Band past or present governing members (dkt. #97) is DENIED, and defendants' request to strike the declaration of Attorney Erick Arnold (dkt. #108) is DENIED AS MOOT. The parties are cautioned to approach discovery in a more circumspect manner going forward, with particular focus on the proportionality requirement under Federal Rule of Civil Procedure 26. Having said that, actual *instances* (as opposed to imputed or actual motives) of the plaintiff refusing to cooperate with defendant in remediation measures to insure or increase the integrity of Line 5 *or the reverse*, if any, ARE relevant to this dispute, as are both sides' good faith cooperation during the pendency of this lawsuit more generally.

Dated this 15th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge