IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BAD RIVER BAND OF THE LAKE
SUPERIOR TRIBE OF CHIPPEWA
INDIANS OF THE BAD RIVER
RESERVATION,

        Plaintiff and Counter Defendant,

            OPINION AND ORDER

  v.

            19-cv-602-wmc

ENBRIDGE ENERGY COMPANY, INC., and
ENBRIDGE ENERGY, L.P.,

        Defendants and Counter Claimants.

  v.

NAOMI TILLISON,

        Counter Defendant.

---

The issues remaining to be resolved in this case include: (1) the amount of profits-based relief to which plaintiff Bad River Band is entitled on its trespass and unjust enrichment claims; (2) the merits of the Band's public nuisance claims; and (3) the form of injunctive relief that should be imposed on Enbridge Energy to remedy its trespass and, if the Band's public nuisance claim is successful, to abate the public nuisance. The parties agree that profits-based restitution and injunctions are equitable remedies to be decided by the court. (Joint Stipulation (dkt. #366).) However, the parties dispute whether the merits of the Band's public nuisance claim should be resolved by a jury or a court. Enbridge argues that it has a Seventh Amendment right to a jury trial on the liability portion of the Band's public nuisance claim, while the Band argues that the claim is one of equity that should be resolved by the court.

The court agrees with the Band. The Seventh Amendment guarantees the right to a jury trial on the merits in those actions that are analogous to "suits at common law." *Tull v. United States*, 481 U.S. 412, 417 (1987). In contrast, actions that are analogous to 18th-century cases tried in courts of equity or admiralty do not require a jury trial. *Id.* To determine whether a particular action is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty, the court must examine both the nature of the action and of the remedy sought. *Id.* First, the court must compare the action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, the court must consider the remedy sought and determine whether it is legal or equitable in nature. *Id.* However, "[t]he abstruse historical search for the nearest 18th-century analog is less important than determining whether the remedy sought is equitable or legal in nature." *Dexia Credit Loc. v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010) (citations and quotation marks omitted)*ee also Tull*, 481 U.S. at 421 ("[C]haracterizing the relief sought is more important than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial."). Indeed, the Seventh Circuit has repeatedly emphasized that "[i]f the only relief sought is equitable, such as an injunction or specific performance (a type of affirmative injunction), neither the party seeking that relief nor the party opposing it is entitled to a jury trial." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002) (citations omitted); *see also Dexia Credit Loc.*, 629 F.3d at 626 (holding that there was no right to jury trial and that "it mattered not whether any of the issues were legal in their nature" where "[t]he nature of the relief sought was purely

2

equitable").

Here, the Band is seeking only equitable relief on its public nuisance claim, so Enbridge is not entitled to a jury trial under the Seventh Amendment. *See Marseilles Hydro Power*, 299 F.3d at 648 ("A suit seeking only equitable relief is not a suit at common law, regardless of the nature of the issues likely or even certain to arise in the case."). Even Enbridge concedes that "there are several causes concluding that public nuisance actions are equitable in nature based upon the purely equitable relief sought." (Enbridge Br. (dkt. #364) 2.) Nonetheless, Enbridge argues that it has a right to a jury trial because the existence of a public nuisance was a question historically tried in courts of law, citing two cases from the 1800s and a secondary source from 1787. (*Id.* at 2.) But Enbridge's position conflicts directly with the Seventh Circuit precedent cited above, as well as the Supreme Court's statement in *Tull* that "[a] public nuisance action was a classic example of the kind of suit that relied on the injunctive relief provided by courts in equity." 481 U.S. at 423. Accordingly, Enbridge is not entitled to have a jury decide whether Line 5 on the Bad River Reservation constitutes a public nuisance or whether the Band has interfered unreasonably with Enbridge's attempts to abate the alleged nuisance.

The court will proceed with a bench trial on all remaining issues in this case on October 24, 2022. The court recently extended the parties' deadlines for filing pretrial submissions to September 21. Because this trial will be a bench trial, the court will modify the parties' pretrial submission requirements as set forth in the order below. To the extent the requirements below conflict with the court's "Bench Trial Procedures for Pretrial Submissions," the parties should follow the requirements in this order. A final pretrial

3

conference will be held on October 11, 2022, at 2:30 p.m. The parties also are reminded that they may contact the clerk's office to schedule mediation with Deputy Clerk Andy Wiseman before trial.

ORDER

IT IS ORDERED that:

1) All of the remaining claims and form of relief in this case shall be resolved by the court after a bench trial, which will commence on October 24, 2022.

2) On or before September 21, 2022, the parties shall submit the following:

  - A list of all witnesses that they intend to call at trial.

  - A list of all exhibits that they intend to offer at trial, using this court's trial exhibit form and following this court's Procedures for Trial Exhibits.

  - Electronic copies of all exhibits.

  - A list of all depositions and portions of depositions to be admitted into evidence.

  - Written stipulations setting forth the qualifications of all expert witnesses.

  - An agreed statement of the contested issues of law supplemented by a separate statement by each counsel of those issues of law not agreed to by all parties.

  - A proposed special verdict, as if the case were to be tried to a jury.

3) On or before September 28, 2022, the parties shall submit the following:

  - Objections to exhibits and the grounds, using the opposing parties' exhibit list.

  - Objections to deposition designations and the grounds.

  - Trial briefs.

Entered this 16th day of September, 2022.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge