**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

BAD RIVER BAND OF THE LAKE
SUPERIOR TRIBE OF CHIPPEWA
INDIANS OF THE BAD RIVER
RESERVATION,

          *Plaintiff*,

v.

ENBRIDGE ENERGY COMPANY, INC.,
and ENBRIDGE ENERGY, L.P.,

          *Defendants*.

ENBRIDGE ENERGY COMPANY, INC.,
and ENBRIDGE ENERGY, L.P.,

          *Counter-Plaintiffs*,

v.

BAD RIVER BAND OF THE LAKE
SUPERIOR TRIBE OF CHIPPEWA
INDIANS OF THE BAD RIVER
RESERVATION and NAOMI TILLISON,
in her official capacity,

          *Counter-Defendants*.

Case No. 3:19-cv-00602-wmc

Judge William M. Conley
Magistrate Judge Stephen L. Crocker

**BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS'**
**OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTIONS IN**
**LIMINE, MOTIONS TO EXCLUDE, AND *DAUBERT* MOTIONS**

On September 21, 2022, the parties filed trial preparation materials under Federal Rule of

Civil Procedure 26(a)(3) and this Court's scheduling orders, including its order of September 16,

2022, Op. and Order, Dkt. #369 ("Order").  Enbridge's Rule 26(a)(3) pretrial submittals include

1

a 108-page exhibit list identifying 1,776 separate exhibits; a witness list identifying 23 "will call" lay witnesses, 35 "may call" lay witnesses, 11 "will call" experts, and 4 "may call" experts; and designations of excerpts from 10 deposition transcripts.  Defs.' Rule 26(A)(3) Disclosures, Dkt. #420.  The Band has until September 28 to note objections to Enbridge's massive number of exhibits, to object to and counter-designate deposition excerpts, and to file its trial brief addressing all outstanding issues in the case.  Order at 4.

Additionally, Defendants have filed *Daubert* motions to exclude 9 of the Band's 12 expert witnesses, as well as motions in limine seeking exclusion of evidence relating to 12 discrete topics.  Dkt. ##397–400 (collectively, "motions to exclude").  Under the extant case schedule, the Band must also respond to these motions to exclude by September 28.  Although undersigned counsel has been working and will continue to work as diligently as possible to meet all pretrial deadlines, they would be hard-pressed to respond to Defendants' motions as well as to meet all other filing obligations with appropriate care by September 28.  Accordingly, the Band moves for a one-week extension until October 5, 2022, to reply to Enbridge's motions to exclude.  The Band does not seek an extension with respect to any of the other items due on September 28.

The Band's need for an extension is necessitated in significant part by the fact that Defendants have been indiscriminate in the extreme in their pretrial submissions.  Defendants' exhibit list contains more than four times as many exhibits as the Band's.  Moreover, in this bench trial Defendants have moved to disqualify the vast majority of the Band's experts, even though any reasonable examination of their qualifications and opinions suggests that the Court should be allowed to evaluate their testimony at trial.  The Band has employed an entirely

different yardstick in listing exhibits and in determining whether to seek exclusion of Defendants' experts, and has so moved against only one of them.

Counsel for the Band consulted with counsel for Enbridge prior to filing this motion and were unable to obtain consent to this filing.  Counsel for Enbridge states that "Enbridge opposes the relief sought in this motion, however, it would agree to a two-day briefing extension until September 30.  Due to the volume of motions to decide before trial, Enbridge would prefer to give the Court more time to decide the motions at issue."  The Band respectfully suggests that, for the reasons stated above, a two-day extension of the filing deadline would be insufficient to allow counsel to fully address the pending items, and that if Enbridge's concern is with the volume of motions that this Court must decide before trial it should have exercised more discretion in choosing which motions to file.

For the foregoing reasons, the Band respectfully requests that the Court grant this motion for extension of time.

Dated: September 22, 2022

Respectfully submitted,

_/s/ Riyaz A. Kanji_

Erick Arnold
BAD RIVER BAND OF THE LAKE SUPERIOR
TRIBE OF CHIPPEWA INDIANS OF THE BAD
RIVER RESERVATION
72682 Maple Street
Odanah, Wisconsin 54861
attorney@badriver-nsn.gov
(715) 682-7107

Riyaz A. Kanji
David A. Giampetroni
Lucy W. Braun
KANJI & KATZEN, P.L.L.C.
303 Detroit Street, Suite 400
Ann Arbor, MI 48104
rkanji@kanjikatzen.com
dgiampetroni@kanjikatzen.com
lbraun@kanjikatzen.com
(734) 769-5400

Bruce Wallace
HOOPER HATHAWAY PRICE BEUCHE
& WALLACE
126 S. Main Street
Ann Arbor, MI 48104
bwallace@hooperhathaway.com
(734) 662-4426

Jane G. Steadman
Philip H. Tinker
Claire R. Newman
KANJI & KATZEN, P.L.L.C.
811 1st Avenue, Suite 630
Seattle, WA 98104
jsteadman@kanjikatzen.com
ptinker@kanjikatzen.com
cnewman@kanjikatzen.com
(206) 344-8100

Oday Salim
NATIONAL WILDLIFE FEDERATION
213 West Liberty Street, Suite 200
Ann Arbor, MI 48104
salimo@nwf.org
(586) 255-8857

*Counsel for the Bad River Band of the Lake Superior*
*Tribe of Chippewa Indians and Naomi Tillison, Director*
*of the Mashkiiziibii Natural Resources Department of*
*the Bad River Band, in her official capacity*

4