IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS OF THE BAD RIVER RESERVATION<br><br>     *Plaintiff,*<br> v.<br><br>ENBRIDGE ENERGY COMPANY, INC., and ENBRIDGE ENERGY, L.P.<br><br>     *Defendants.*<br><br>ENBRIDGE ENERGY, L.P.<br><br>     *Counter-Plaintiff,*<br> v.<br><br>BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS OF THE BAD RIVER RESERVATION and NAOMI TILLISON, in her official capacity<br><br>     *Counter-Defendants.* | Case No. 3:19-cv-00602<br><br>Judge William M. Conley<br>Magistrate Judge Stephen Crocker |

**DECLARATION OF DAVID STAFFORD IN SUPPORT OF ENBRIDGE'S OPPOSITION TO THE BAND'S MOTION FOR PERMANENT INJUNCTION**

I, David Stafford, declare the following based on personal knowledge to which I am competent to testify:

1. I currently work as a Manager in U.S. Pipeline Compliance for Enbridge in Superior, Wisconsin. Enbridge operates nearly 18,000 miles of pipeline throughout North America.

2. Part of my job responsibilities is Enbridge's regulatory compliance with the pipeline safety laws and regulations administered by the Pipeline and Hazardous Materials Safety

1

Administration ("PHMSA"). I am the primary contact at the regional level between Enbridge and PHMSA. I have managed this relationship since 2009.

3. I and others have kept PHMSA fully informed of the erosion and other relevant information associated with the high flow events on the Bad River in the area known as the Meander during April-May 2023. Detailed communications have been provided to PHMSA and have included photos of the high flow events. These communications have occurred as recently as May 9th concerning the conditions existing during the prior day's site visit by the Band and Enbridge to the Meander.

4. Sometimes when information has been provided, PHMSA requests additional information from Enbridge. In each case, the requested information has been provided.

5. Since receiving notification of the erosion at the Meander, PHMSA has not expressed any concern regarding the safety of Line 5 at this location. More specifically, PHMSA has not required Enbridge to take any additional actions beyond what it has been doing—monitor the crossing using its cameras that can be viewed remotely, monitor the monuments that have been installed in the riverbank at incremental distances from the pipeline, and undertake drone flights and in person site visits, when conditions warrant.

6. Further, Enbridge has determined that the situation at the Meander does not meet PHMSA's criteria for submission of a Safety Related Condition Report as required per PHMSA regulation at 49 C.F.R. 195.55 (i.e. no imminent hazard exists that would require a shutdown of the Line).

7. PHMSA is the exclusive regulator of safety for interstate pipelines in the United States. Based on my experience, it would be very unusual for local authorities or entities that do not own, operate, or possess experience or expertise in pipeline safety to attempt to impose

their own safety standards on pipeline operations. If those authorities or entities could do so, it would disrupt PHMSA's uniform federal standards for pipeline operators, and risk creating an unworkable patchwork of standards across all jurisdictions in which pipelines are operated.

    I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 15, 2023

_____
David Stafford