UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

BAD RIVER BAND OF THE LAKE
SUPERIOR TRIBE OF CHIPPEWA INDIANS
OF THE BAD RIVER RESERVATION,

    Plaintiff,

v.

ENBRIDGE ENERGY COMPANY, INC., and
ENBRIDGE ENERGY, L.P.,

    Defendants.

ENBRIDGE ENERGY COMPANY, INC., and
ENBRIDGE ENERGY, L.P.,

    Counter-Plaintiffs,

v.

BAD RIVER BAND OF THE LAKE
SUPERIOR TRIBE OF CHIPPEWA INDIANS
OF THE BAD RIVER RESERVATION and
NAOMI TILLISON, in her official capacity,

    Counter-Defendants.

No. 3:19-cv-00602-wmc

HON. WILLIAM M. CONLEY

MAG. STEPHEN L. CROCKER

**MOTION FOR LEAVE TO FILE AMICUS BRIEF ON BEHALF OF THE STATE OF MICHIGAN AND DANA NESSEL, ATTORNEY GENERAL OF THE STATE OF MICHIGAN**

The State of Michigan and Dana Nessel, Attorney General of the State of Michigan respectfully move for leave to file an amicus brief in support of the Bad River Band of the Lake Superior Tribe of Chippewa Indians of the Bad River Reservation's emergency motion for injunctive relief.  Dkt. 628.

The question of whether to allow the participation of an amicus curiae is firmly within the discretion of the district courts. *See U.S. v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991); *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). While there is no Federal Rule of Civil Procedure that establishes a standard for allowing an amicus brief in the district courts, the Federal Rules of Appellate Procedure contain an instructive standard for allowing amicus participation in the circuit courts. Those rules provide that a motion for leave to file an amicus brief must be accompanied by the proposed brief and must state (a) the movant's interest; and (b) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case. Fed. R. App. P. 29(a)(3).

As set forth more fully in the accompanying proposed amicus brief, the State of Michigan and the Attorney General have an interest in this matter because of the imminent threat of irreparable harm to Lake Superior. Amici's interest is grounded in the public trust doctrine, which Michigan law recognizes as a "high, solemn, and perpetual trust which it is the duty of the State to forever maintain." *Collins v. Gerhardt*, 211 N.W. 115, 118 (Mich. 1926). This doctrine provides that "the state, as sovereign, has an obligation to protect and preserve the waters of the Great Lakes and the lands beneath them for the public." *Glass v. Goeckel*, 703 N.W.2d 58, 64–65 (Mich. 2005). Amici's duty to protect and preserve the waters of Lake Superior on behalf of the People of the State of Michigan establishes a clear interest in the disposition of this motion.

An amicus brief is desirable here, and the matters asserted are relevant to the disposition of the case, because the State of Michigan and its officials have spent years studying the risks posed to the Great Lakes by the Line 5 pipeline, as well as the potential impacts if the pipeline is shut down. Amici offer the attached brief to assist the Court in considering the Plaintiff's emergency motion.

For these reasons, Amici the State of Michigan and Dana Nessel, Attorney General of the State of Michigan, respectfully request that the Court grant leave to file an amicus brief in support of the Plaintiff's emergency motion for injunctive relief.

Respectfully submitted,

/s/ *Daniel P. Bock*
Daniel P. Bock
Assistant Attorney General
Attorney for Amici the State of
Michigan and Dana Nessel, Attorney
General of the State of Michigan
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
bockd@michigan.gov
P72146

Dated: May 17, 2023