IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BAD RIVER BAND OF THE LAKE
SUPERIOR TRIBE OF CHIPPEWA
INDIANS OF THE BAD RIVER
RESERVATION,                                                                                    ORDER

                Plaintiff and
                Counter Defendant,

  v.                                                                                                                    19-cv-602-wmc

ENBRIDGE ENERGY COMPANY, INC., and
ENBRIDGE ENERGY, L.P.,

                Defendants and
                Counter Claimants,

  v.

NAOMI TILLISON,

                Counter Defendant.

---

Defendant Enbridge Energy has filed a request for clarification of the court's June 16, 2023, post-trial order (dkt. #684), awarding monetary and injunctive relief against Enbridge and in favor of plaintiff Bad River Band of the Lake Superior Tribe of Chippewa Indians. Enbridge raises five points for clarification.

First, Enbridge asks whether the deadlines for completion of certain actions identified in the June 16 order run from the date of the order or the date the court enters final judgment. As stated in the order, all deadlines run from the date of the court's order.

Second, Enbridge seeks confirmation that it can continue to operate Line 5 in the normal course of business for three years from the date of judgment on the parcels for which it lacks a valid right of way. Enbridge's understanding is generally accurate, to the extent that the parcels were part of this lawsuit and Enbridge complies with the court's

order requiring ongoing disgorgement of a portion of its profits to the Band for its continued trespass on those parcels. However, as just noted, operation of Line 5 on those parcels must cease on June 16, 2026.

Third, Enbridge notes that the court's citation to NPDES permitting regulations was inaccurate, because Enbridge's projects fall under Section 401 of the Clean Water Act, not 401. Enbridge is correct that the NPDES regulations do not apply here, and the court's point was only that Enbridge has no judicial or administrative recourse to challenge the Band's permit denials. As Enbridge states in its motion, its only apparent recourse to challenge the Band's permit denials is reapplication. (Dkt. #686, at 2.)

Fourth, Enbridge raises its outstanding motion for a protective order, in which it requested that its June 2021 monitoring and shutdown plan and the parties' December 2022 court-ordered proposals remain sealed. (Dkt. #619.) For security reasons, that motion will be granted.

Fifth and finally, Enbridge challenges the court's conclusion that it lacked legal authority to permit Enbridge to trespass indefinitely on the Band's land. Enbridge argues that it presented legal authority that would permit the court to delay an injunction until it completed a reroute of Line 5. However, as the court has explained, the cases on which Enbridge relies are distinguishable because they involved situations in which (a) the trespass would be temporary or (b) the plaintiff was not injured by the trespass. In contrast, there are significant reasons to question when, and even if, a reroute will ever be operational in this case. Under these circumstances, therefore, the court declines to permit an indefinite, intentional trespass on the Band's sovereign territory.

ORDER

IT IS ORDERED that:

1. Defendants request for clarification of this court's June 16, 2023 Order (dkt. #684) is GRANTED as set forth above and final judgment shall be entered PERMANENTLY ENJOINING defendants as follows:

    a. The Defendants Enbridge Energy Company, Inc. and Enbridge Energy, L.P. SHALL ADOPT AND IMPLEMENT its December 2022 monitoring and shutdown plan in full, incorporating the court's modifications set forth in its June 16, 2023 order, on or before Wednesday, July 5, 2023.

    b. Defendants OWE $5,151,668 to plaintiff Bad River Band of the Lake Superior Tribe of Chippewa Indians for defendants' past trespass on the Band's 12, former allotment parcels.

    c. Defendants SHALL CONTINUE DISGORGING profits to the Band on a quarterly basis according to the formula set forth in this opinion so long as Line 5 operates in trespass of the 12, former allotment parcels.

    d. Defendants SHALL CEASE OPERATION of Line 5 on any parcel within the Band's tribal territory on which defendants lack a valid right of way on or before June 16, 2026, and thereafter arrange prompt, reasonable remediation at those sites.

2. Enbridge's motion for a protective order (dkt. #619) is GRANTED.

3. The clerk of court is DIRECTED to enter final judgment in this case although jurisdiction is retained for purposes of enforcement of its permanent injunction.

Entered this 26th day of June, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge