IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS OF THE BAD RIVER RESERVATION,<br><br>*Plaintiff*,<br><br>v.<br><br>ENBRIDGE ENERGY COMPANY, INC., and ENBRIDGE ENERGY, L.P.,<br><br>*Defendants*.<br><br>ENBRIDGE ENERGY COMPANY, INC., and ENBRIDGE ENERGY, L.P.,<br><br>*Counter-Plaintiffs*,<br><br>v.<br><br>BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS OF THE BAD RIVER RESERVATION and NAOMI TILLISON, in her official capacity,<br><br>*Counter-Defendants*. | Case No. 3:19-cv-00602-wmc<br><br>Judge William M. Conley<br>Magistrate Judge Stephen L. Crocker |

## DOCKETING STATEMENT

Cross-Appellees Bad River Band of the Lake Superior Tribe of Chippewa Indians of the Bad River Reservation and Naomi Tillison, in her official capacity, submit this docketing statement under Seventh Circuit Rules 3(c)(1) and 28(a):

1.  <u>District court jurisdiction over Bad River Band claims.</u> The district court had subject-matter jurisdiction over the Bad River Band's claims. The Band brought claims in the district court against Enbridge for public nuisance under federal common law and Wisconsin law, trespass under federal common law, ejectment under federal common law, tribal regulatory authority under federal common law and treaties, and unjust enrichment under federal common law. The district court had subject matter jurisdiction over the Band's claims pursuant to 28 U.S.C. §§ 1331 and 1362 because the action arose under the Constitution, treaties, and laws of the United States, and because the claims were brought by an Indian band with a governing body duly recognized by the Secretary of the Interior. The district court had supplemental jurisdiction over the claim arising under Wisconsin law pursuant to 28 U.S.C. § 1367.

2.  <u>District court jurisdiction over Enbridge counterclaims.</u> As discussed in the Band's Response to Enbridge's Docketing Statement, *see Bad River Band v. Enbridge*, No. 23-2309*,* Dkt. 8 at 3 (7th Cir. July 14, 2023), the Band does not dispute that the district court possessed jurisdiction pursuant to 28 U.S.C. § 1331 over the three Enbridge counterclaims that are based on alleged violations of a federal right-of-way easement: Count I, "Breach of Contract and Federal Easement Grant" (Against the Band), Count II, "Breach of Implied Duty of Good Faith and Fair Dealing" (Against the Band), and Count III, "Equitable Easement" (Against the Band), Defs.' Second Am. Answer ("Answer"), Dkt. 146, at 67, 70.

As also discussed in the Band's Response to Enbridge's Docketing Statement, *see Bad River Band v. Enbridge*, No. 23-2309*,* Dkt. 8 at 3 (7th Cir. July 14, 2023), the Band disputes that the district court had subject-matter jurisdiction over Enbridge's two remaining counterclaims: Count IV, "Declaratory and Injunctive Relief (Against the Band)," and Count V, "Declaratory and Injunctive Relief (Against Director Tillison)," Answer, Dkt. 146 at 71, 75. Those counts do

not state any causes of action that provide a basis for district court jurisdiction. *Id.* at 71–78. Enbridge leveraged those two counterclaims to challenge the validity of the Bad River Band's Clean Water Act Section 401 certification decisions regarding projects proposed by Enbridge. Enbridge asked the district court to order the Band to grant certification and approve those projects, with its claim for relief based not on federal right-of-way easements but purportedly on the Clean Water Act, 33 U.S.C. §1341(a), and the 1977 Transit Treaty between the United States and Canada. Enbridge did not plead these authorities as causes of action in its Answer, nor has it referenced them in its Docketing Statement. *See* Opinion and Order (Public Nuisance Claim and Counterclaims), Dkt. 612, at 14 ("Enbridge did *not* bring a claim in this case challenging a particular permit denial as improper under the Clean Water Act"); *id.* at 15 ("Enbridge did not bring a counterclaim alleging that the Band had violated the Transit Treaty"); Answer, Dkt. 146 ¶¶ 117, 119–20, 135–36. And neither the Clean Water Act nor the Transit Treaty supplies a cause of action that provides federal courts with jurisdiction to review the Band's Clean Water Act Section 401 certification decisions, let alone to order the relief Enbridge seeks. Federal jurisdiction accordingly does not lie over Enbridge's counterclaims IV and V.

      3.     <u>Appellate jurisdiction.</u> Appellate jurisdiction exists under 28 U.S.C. § 1291. This appeal is taken from the judgment of United States District Court for the Western District of Wisconsin entered on June 29, 2023, by the Honorable William M. Conley. Amended Final Judgment in a Civil Case, Dkt. 689. That judgment is a final judgment that adjudicates all the claims and counterclaims with respect to all parties. No motions have been filed seeking reconsideration or alteration of that judgment. The Band filed its Notice of Appeal with the district court on July 27, 2023.

4. <u>Related Appellate Proceedings.</u> On June 30, 2023, Enbridge filed a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit challenging the same district court judgment that the Band now appeals. Dkt. 690; *see also Bad River Band v. Enbridge*, No. 23-2309, Dkt. 1-1 (7th Cir.). Enbridge's appeal was assigned case number 23-2309. That appeal and the Band's appeal should be consolidated. The Court of Appeals has captioned Enbridge's appeal "Bad River Band of Lake Superior Tribe of Chippewa Indians of the Bad River Reservation, Plaintiff – Appellee v. Enbridge Energy Company, Inc. and Enbridge Energy, L.P., Defendants – Appellants and Naomi Tillison, Defendant." The caption should be revised to reflect that Naomi Tillison is not a defendant to the Band's suit but rather that both Naomi Tillison (in her official capacity) and the Bad River Band of Lake Superior Tribe of Chippewa Indians of the Bad River Reservation were counter-sued by Enbridge.

5. <u>Appearance of party in official capacity.</u> Naomi Tillison, sued by Enbridge in her official capacity in Enbridge's counterclaim V, continues to occupy the office of Director of the Mashkiiziibii Natural Resources Department of the Bad River Band.

Dated: July 27, 2023

Erick Arnold
BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS OF THE BAD RIVER RESERVATION
72682 Maple Street
Odanah, Wisconsin 54861
attorney@badriver-nsn.gov
(715) 682-7107

Respectfully submitted,
/s/ *Riyaz A. Kanji*
Riyaz A. Kanji
David A. Giampetroni
Ian P. Fisher
Josh C. Handelsman
KANJI & KATZEN, P.L.L.C.
PO Box 3971
Ann Arbor, MI 48106
rkanji@kanjikatzen.com
(734) 769-5400

*Counsel for the Bad River Band of the Lake Superior Tribe of Chippewa Indians and Naomi Tillison, Director of the Mashkiiziibii Natural Resources Department of the Bad River Band, in her official capacity*