**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS OF THE BAD RIVER RESERVATION

*Plaintiff*,

v.

ENBRIDGE ENERGY COMPANY, INC., and ENBRIDGE ENERGY, L.P.

*Defendants*.

Case No. 3:19-cv-00602

ENBRIDGE ENERGY, L.P.

*Counter-Plaintiff*,

v.

BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS OF THE BAD RIVER RESERVATION and NAOMI TILLISON, in her official capacity

*Counter-Defendants*.

Judge William M. Conley
Magistrate Judge Anita Marie Boor

**JOINT PROPOSAL FOR REMAND PROCEEDINGS**

The Court's October 8, 2026 Order directs the Parties to brief how this matter should proceed on remand following the Seventh Circuit's merits decision dated July 30, 2026 ("Slip op."). Plaintiff Bad River Band of the Lake Superior Tribe of Chippewa Indians of the Bad River Reservation (the "Band") and Defendants Enbridge Energy Company, Inc. and Enbridge Energy, L.P. (collectively, "Enbridge") have met and conferred on these issues, and jointly propose the following, subject to approval by the Court.

As discussed in Part I below, the Parties propose that the Court defer acting on the Band's request for injunctive relief concerning the trespass of Line 5 on the twelve parcels at issue ("Allotted Parcels"), *see* Slip op. 8, with the status of the reroute monitored through periodic status reports. For the issue of restitution, as discussed in Part II below, the Parties propose that they submit briefs on the threshold issue of how to measure restitution before engaging in discovery and further proceedings. As for the Band's public nuisance claim, no further proceedings on that claim are necessary in light of the Seventh Circuit's holding that it is displaced by federal law. *See id*. at 52.

**I. The Parties propose that reroute status be monitored through periodic updates.**

The Seventh Circuit affirmed this Court's holding that Enbridge is trespassing on the Allotted Parcels, and further held that "Enbridge's trespass cannot continue unchecked across the Band's sovereign land." Slip op. at 43. But it vacated this Court's permanent injunction (which had been stayed), remanding the issue of injunctive relief to this Court with instructions to "permit Enbridge a reasonable opportunity to complete its proposed reroute of Line 5 around the Reservation." *Id.*

The Parties have conferred on Enbridge's current progress on the Line 5 reroute. Enbridge reports that, presently, the reroute is about 90% complete, and Enbridge projects completion of the reroute by early 2027. Based on that schedule, proceedings in front of this Court on the project's status may be unnecessary. Accordingly, the Parties propose that Enbridge will file a status report every 60 days, starting December 15, 2026, updating the Court as to the reroute schedule. *See id.* at 44 (encouraging "oversight and accountability," including through "reporting requirements"). The Parties will address with the Court at that time their positions as to whether any injunction is appropriate and issues concerning related discovery, hearing dates, and any other relevant issues. Enbridge will provide its status report to the Band 10 days in advance of each filing so that the

Band may provide Enbridge with a statement as to the Band's position on the report, and Enbridge will include this statement of the Band's position in its filing.

## II. The Parties propose threshold briefing on the appropriate measure of restitution.

The Seventh Circuit vacated this Court's restitution award and remanded it "for calculation of a new amount." *Id.* at 34. It held that this Court should not have applied "both total profits and the value of delayed costs as measures of restitution. It needed to pick one or the other." *Id.* at 32; *see id.* at 34-35. Thus, a threshold question on remand is whether the Court should utilize total profits or the value of delayed costs as the more appropriate measure of restitution. The Parties disagree on this issue: the Band advocates for at least the value of delayed costs, and Enbridge advocates for no more than a pro-rated share of total profits (measured by the fraction of the pipeline in trespass and the Band's weighted ownership interest in the Allotted Parcels).

Some amount of additional factual and expert discovery will be needed under either approach to restitution. The Seventh Circuit ruled this Court has the latitude to consider the "totality of the circumstances in arriving at a new [restitution] award," *id.* at 35, and the record is incomplete or outdated in material respects. For example, the prior alleged delayed cost estimate was based on an estimated cost of the reroute and removal of pipeline but, with the reroute almost complete, the final cost of the reroute—to the extent relevant to the measure selected—can now be more accurately determined. The same is true for Enbridge's alleged profits: those numbers can be determined in discovery. The Parties thus anticipate needing additional expert and factual discovery on these issues depending on the Court's direction regarding the more appropriate measure of restitution.

Accordingly, in the interest of efficiency, the Parties propose that before beginning additional discovery, they brief the issue of which measure of restitution is more appropriate and why. The Parties believe that such briefing will promote efficiency by ensuring that further

discovery and proceedings focus on information relevant to the Court's preferred approach to measuring restitution. If the Court agrees to this proposal, the Parties have agreed on the following briefing schedule (note this schedule takes into account the parties' and counsels' respective schedules and commitments on other matters, including a three-week jury trial in January 2027):

- Simultaneous Opening Briefs: February 5, 2027 (limited to 30 pages each not including exhibits)
- Simultaneous Response Briefs: March 5, 2027 (limited to 30 pages each not including exhibits)

The Parties also request the opportunity to present oral argument on the issue after the briefing is submitted.

Within forty-five (45) days after the Court resolves the threshold issue of its preferred approach to measuring restitution, the Parties would propose a plan and schedule for the remainder of the remand process, including proposed factual and expert discovery and disclosure deadlines, and trial and other necessary dates. If the Parties cannot agree, they will file a short joint statement identifying disputed items and asking the Court to resolve them.[1]

## III. Conclusion

The Parties respectfully request that the Court approve proceeding as set forth above. Should the Court have any questions or concerns, the Parties are prepared to address them.

---

[1] Nothing herein is intended to waive any Party's rights for further review of the Seventh Circuit's opinion. Each party reserves before this Court all arguments regarding the amount, apportionment, discounting, and offset of any measure of restitution, and regarding interest and any other adjudgment. Enbridge also reserves issues concerning the Line 5 segment on the Allotted Parcels after the pipeline is taken out of service there.

Dated: November 12, 2026

Respectfully submitted,

_/s/ Riyaz A. Kanji_
Riyaz A. Kanji
David A. Giampetroni
Christopher C. Miller
Joshua C. Handelsman
KANJI & KATZEN, P.L.L.C.
P.O. Box 3971
Ann Arbor, MI 48106
rkanji@kanjikatzen.com
dgiampetroni@kanjikatzen.com
cmiller@kanjikatzen.com
jhandelsman@kanjikatzen.com
(734) 769-5400

Erick Arnold
BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS OF THE BAD RIVER RESERVATION
72682 Maple Street
Odanah, Wisconsin 54861
attorney@badriver-nsn.gov
(715) 682-7107

*Counsel for the Bad River Band of the Lake Superior Tribe of Chippewa Indians and Naomi Tillison, Director of the Mashkiiziibii Natural Resources Department of the Bad River Band, in her official capacity*

_/s/ Michael C. Davis_
Michael C. Davis
David L. Feinberg
Venable LLP
600 Mass. Ave., NW
Washington, D.C. 20001
(202) 344-8278
MCDavis@venable.com
DLFeinberg@venable.com

Eric M. McLeod
Joseph S. Diedrich
Husch Blackwell
33 East Main Street, Suite 300
Madison, WI 53701-1379
(608) 234-6056
eric.mcleod@huschblackwell.com
joseph.diedrich@huschblackwell.com

*Counsel for Defendants Enbridge Energy Company, Inc., and Enbridge Energy, L.P.*

**CERTIFICATE OF SERVICE**

I certify that on November 12, 2026, this document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

*/s/ Riyaz A. Kanji*
Riyaz A. Kanji